# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MAICO CARBAJAL,

    Petitioner,

-vs-                                                  Case No. 8:14-CV-472-T-30AEP
                                                  Criminal Case No. 8:11-CR-373-T-30AEP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

Petitioner, a federal prisoner proceeding *pro se*, filed a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 motion") on February 11, 2014 (CV Dkt. 1).[1] After screening the § 2255 motion,[2] the Court directed Petitioner to show cause why the § 2255 motion should not be dismissed as time-barred (see CV Dkt. 6). Petitioner filed a response to the show cause order in which he implicitly argued that the

---

[1] Although the Court received the § 2255 motion on February 24, 2014, a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir. 1993). It appears that Petitioner placed the § 2255 motion in the prison mailing system on February 11, 2014 (see CV Dkt. 1 at p. 7).

[2] Rule 4, Rules Governing Section 2255 Cases, requires a preliminary review of the § 2255 motion. Section 2255 requires denial of the motion without a response if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)1 (The summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'").

motion should not be dismissed as time-barred because he is entitled to equitable tolling of the statute of limitations period (CV Dkt. 9).

Upon consideration of Petitioner's response to the show cause order, the record, and the applicable law, the Court concludes that the § 2255 motion must be dismissed as time-barred.

## ANALYSIS

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996. The AEDPA added a new statutory limitations period to 28 U.S.C. § 2255. *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir.), *cert. denied*, 531 U.S. 971 (2000). Section 28 U.S.C. § 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of:
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Judgment in Petitioner's criminal case was entered on March 13, 2012 (CR Dkt. 129). Because Petitioner did not file a direct appeal, his judgment of conviction became "final" under § 2255(f) fourteen (14) days later, on March 27, 2012. *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) ("when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires"); Fed. R. App. P. 4(b)(1)(A) & (b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the . . . entry of either the judgment or the order being appealed"). Petitioner therefore had one year from that date to file his § 2255 motion, i.e., March 27, 2013. He did not file the § 2255 motion until February 11, 2014, more than ten months after the limitations period expired. Consequently, Petitioner's § 2255 motion is untimely.

## Equitable Tolling

Although the § 2255 motion is untimely, this Court may still review the motion if Petitioner is entitled to equitable tolling. *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). Equitable tolling is available if Petitioner demonstrates that (1) he has pursued his rights diligently and (2) an extraordinary circumstance prevented him from timely exercising his rights. *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Petitioner has not shown that an extraordinary circumstance prevented him from timely filing his § 2255 motion. He implicitly argues in his response to the Court's show cause order that he is entitled to equitable tolling because prior to his conviction, he had no prior criminal history and therefore was ignorant of both state and federal law (see CV Dkt.

3

7). He further argues that it was not until after he entered federal prison and researched cases similar to his case that he realized his attorney provided ineffective assistance during the criminal proceedings (Id.). Petitioner's ignorance of state and federal law, and the law pertaining to ineffective assistance of counsel claims, is not an "extraordinary circumstance" and therefore does not justify equitable tolling. *See Jackson v. Astrue*, 506 F.3d 1349, 1356 (11th Cir. 2007) (quoting *Wakefield v. Railroad Retirement Board*, 131 F.3d 967, 970 (11th Cir. 1997) ("Ignorance of the law usually is not a factor that can warrant equitable tolling.")); *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (*pro se* status and ignorance of the law do not justify equitable tolling).[3]

Moreover, Petitioner has not shown any action on his part that would demonstrate the reasonable diligence required to justify equitable tolling. Consequently Petitioner is not entitled to equitable tolling of the one-year limitations period.

ACCORDINGLY, it is **ORDERED** that:

1. The petition (Dkt. 1) for writ of habeas corpus is **DISMISSED** as time-barred.

---

[3]Petitioner's assertion that he did not discover "what [his] lawyer did was not right" until after he "got to prison. . .[and] went to the law library and did. . .research on similar cases" could be liberally construed as seeking entitlement to a delayed start of the one-year limitations period based upon a "newly discovered fact" under 28 U.S.C. § 2255(f)(4). Nevertheless, Petitioner's discovery of new case law is not a "fact" for the purposes of a delayed limitation period under § 2255(f)(4). *See Madaio v. United States*, 397 Fed. Appx. 568, 570 (11th Cir. 2010) (unpublished) (finding "the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period.").

2. The **Clerk** shall terminate all pending motions, close this case, and terminate from pending status the § 2255 motion (CR Dkt. 154) filed in the corresponding criminal case number 8:11-CR-373-T-30AEP.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. To merit a COA, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the § 2255 motion is clearly time-barred, Petitioner cannot satisfy the second prong of the *Slack* test. 529 U.S. at 484. And, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on April 30, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: Petitioner *pro se*
       Counsel of Record